UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **97-6007-CR-MORENO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

**MARK VALME,**

        Defendant.
_____/

## ORDER REQUIRING GOVERNMENT RESPONSE

THIS CAUSE came before the Court pursuant to the 11th Circuit Court's order directing it to conduct the two-part analysis in ruling on defendant Valme's pros se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The defendant was sentenced to life and the sentence was affirmed in U.S. v. Audain, et al., 254 F.3d 1286 (11th Cir. 2001). The Government is required to state its position on whether a 2-level decrease in the defendant's offense level is appropriate under Amendment 782. The Government must respond on the applicability of Dillon v. U.S., 560 U.S. 817 (2010) and whether a reduction of Valme's sentence is appropriate. Such response must be filed no later than **June 16, 2020.**

DONE and ORDERED in Miami-Dade County Florida, this ___ day of March 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All counsel of record

Mark Valme, pro se

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 19-12025
Non-Argument Calendar

---

D.C. Docket No. 0:97-cr-06007-FAM-5

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

MARC VALME,
a.k.a. Palmis
a.k.a. Palmiste,

                                                    Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(February 5, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Marc Valme, a federal prisoner proceeding <u>pro se</u>, appeals the district court's denial of his <u>pro se</u> motion to reduce his sentence. Reversible error has been shown; we affirm in part and vacate in part the district court's order, and we remand to the district court for further proceedings.

In 1998, a jury found Valme guilty of conspiracy to import cocaine and heroin into the United States, per 21 U.S.C. § 952(a), and of conspiracy to distribute cocaine, per 21 U.S.C. § 841(a)(1). At sentencing, the district court found that Valme was responsible for at least 350 to 400 kilograms of cocaine; this finding resulted in a base offense level of 38 under the then-applicable version of U.S.S.G. § 2D1.1(c). The district court then concluded that Valme was subject to a 4-level enhancement for abuse of public trust and for obstruction of justice. Based on Valme's total offense level of 42 and criminal history category of I, Valme's guidelines range was 360 months to life. The district court sentenced Valme to life imprisonment. Valme's convictions and sentence were affirmed on direct appeal. <u>See United States v. Audain, et al.</u>, 254 F.3d 1286 (11th Cir. 2001).

In March 2019, Valme filed <u>pro se</u> the instant motion to reduce his sentence. Valme sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on

2

Amendment 782 to the Sentencing Guidelines. Valme's motion also cited to section 102(b)(3) of the First Step Act of 2018.

The government opposed Valme's motion. The government argued that Valme was unentitled to relief under section 102(b)(3): a section that amended the method for calculating good conduct time. The government asserted that this provision was inapplicable to inmates -- like Valme -- who were serving life sentences. The government made no argument about Valme's eligibility for a sentence reduction based on section 3582(c)(2) and Amendment 782.

In his pro se reply to the government's opposition, Valme reasserted his position that he was entitled to relief under section 102(b)(3) of the First Step Act. Valme also urged the district court to consider his motion in the light of Dillon v. United States, 560 U.S. 817 (2010). The district court denied summarily Valme's motion "for the reasons stated in the government's response."

First, we conclude that the district court committed no error in concluding that Valme was ineligible for relief under section 102(b)(3) of the First Step Act. By its plain terms, the statute amended by section 102(b)(3) is inapplicable to prisoners who are serving life sentences. See 18 U.S.C. § 3624(b)(1).

We next address Valme's request for a sentence reduction based on section 3582(c)(2) and Amendment 782. As an initial matter, we reject the government's

3

assertion that Valme failed to raise adequately this argument in the district court and on appeal. We have long held that pro se pleadings and such are held to a less strict standard than pleadings filed by lawyers and, thus, must be construed liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, when a pro se litigant fails entirely to raise an issue in the district court or on appeal, that issue is deemed waived or abandoned. Id.; Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

We conclude that Valme raised sufficiently his Amendment 782 argument both in the district court and on appeal. In Valme's 2-page motion for a sentence reduction, Valme requested expressly relief under section 3582(c)(2) and Amendment 782. Then, in his 2-page reply, Valme urged the district court to consider his motion in the light of the Supreme Court's decision in Dillon: a case that discussed the two-step approach district courts must utilize when ruling on a section 3582(c)(2) motion. See Dillon, 560 U.S. at 826-87. In his 3-page appellate brief, Valme reasserts that he is entitled to a sentence reduction under Amendment 782 and cites again to Dillon. Particularly given the brevity of Valme's pleadings, Valme's express references to section 3582(c)(2) and to Amendment 782 were adequate to put the government and the district court on notice that Valme sought a sentence reduction on that ground. Cf. United States v. Jernigan, 341 F.3d 1273,

1283 n.8 (11th Cir. 2003) ("Our task in assessing an appeal is to adjudicate the issues that are fairly and plainly presented to us and of which the appellee is put on notice; it is not to hunt for issues that an appellant may or may not have intended to raise."). Under the circumstances of this case, Valme's pleadings -- construed liberally -- raised sufficiently the Amendment 782 issue.

Under section 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the defendant's sentence was based upon a guidelines range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In ruling on a section 3582(c)(2) motion, the district court "must engage in a two-part analysis." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court determines the sentence the court would have imposed had the amended guidelines been in effect when the defendant was sentenced. Id. At the second step, the district court must then decide -- in the light of the 18 U.S.C. § 3553(a) factors -- whether it will exercise its discretion to impose the newly calculated sentence or if it will retain the original sentence. Id. at 781.

Here, the district court failed entirely to address Valme's request for a sentence reduction based on section 3582(c)(2) and Amendment 782. Amendment 782, which applies retroactively, reduced by two levels the base offense levels for most drug offenses listed in § 2D1.1(c). U.S.S.G. App. C, amend. 782 (2014).

The government says in its appellate brief that it "appears" that application of Amendment 782 might result in a 2-level decrease in Valme's offense level. Without deciding the issue, we agree that whether Valme's guidelines might be lowered under the amended guidelines is at least arguable.

Because the district court erred in failing to address Valme's Amendment 782 argument, we vacate in part the district court's denial of Valme's motion for a sentence reduction and remand to the district court for further proceedings. In particular, we instruct the district court to conduct the necessary two-part analysis in ruling on Valme's section 3582(c)(2) motion. To the extent the district court denied Valme's motion for a sentence reduction under section 102(b)(3) of the First Step Act, we affirm.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.