United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) Criminal Case No. |
| v. | ) 97-06007-CR-Scola |
| | ) |
| Marc Valme, Defendant. | ) |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Marc Valme's Motion for Compassionate Release. (Mot., ECF No. 1463.) The Government has responded. (Resp., ECF No. 1472.) The Defendant has replied. (Reply, ECF No. 1472.) After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for compassionate release. (**ECF No. 1463**.)

### 1. Background

Defendant Marc Valme was found guilty and convicted of two counts of conspiracy to import cocaine into the United States in 1998. (Mot. at 5.) He was subsequently sentenced to life in prison. (*Id.*) Mr. Valme now seeks to have his sentence reduced based on two arguments: (1) he asserts that a reduction in the Sentencing Guidelines for the crimes of which he was convicted should be taken into consideration and authorizes a reduction in his sentence; and (2) he claims that he is entitled to compassionate release due to his present medical conditions. (Mot. at 4-5.)

Mr. Valme was found guilty based on his role in a conspiracy to import cocaine into the United States from Haiti that spanned 1991 through 1997. (Resp. at 1.) He was the Security Director of Port Au Prince Airport in Haiti, where he used the authority of his position to allow drug traffickers to move shipments of cocaine through airport security. (*Id.*) He testified on his own behalf at trial and was convicted over his denials. (*Id.* at 2.) His sentencing guidelines included an upward adjustment for perjury. (*Id.*) Ultimately, the Defendant was sentenced to life imprisonment, which was within the upper range of the guidelines. (*Id.*)

The Defendant first argues that his sentence should be reduced because the Federal Sentencing Guidelines are now lower for an offense with the amount of cocaine proven to have been moved and dealt in his trial. (Mot. at 6-7.) Second, he asserts that he is eligible for compassionate release under 18 U.S.C. § 3582(c)(1) because he has "anemia, hypertension, and chronic kidney disease." (*Id.* at 9.)

In response, the Government asserts that the Eleventh Circuit has already affirmed the District Court's prior denial of the Defendant's attempt to reduce his sentence based on the changes to the guidelines. (Resp. at 2-3.) Second, the Government argues that the Defendant's medical conditions do not qualify for compassionate release and the Defendant does not meet the factors established in 18 U.S.C. § 3553(a) that would support his compassionate release. (*Id.* at 5-6.)

### 2. Legal Standard

Under "18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . 18 U.S.C. § 3582(c)(1)(A) (2018); see generally First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194." (CRDE 560). In order to grant the Defendant's request pursuant to § 3582(c)(1)(A), the Court must consider the following factors: (1) whether the Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that the Defendant is not a danger to the community. Further, the Defendant bears the burden of establishing that compassionate release is warranted under the circumstances. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### 3. Analysis

First, the Court finds that the law of the case establishes that the Defendant is not entitled to a reduction in sentence. Second, the Court does not find that the Defendant has carried his burden to establish that compassionate release is warranted. The Defendant cannot establish, based on the Section 3553(a) factors, that he would not be a danger to the community. Accordingly, the Court denies the Defendant's motion.

### A. The Eleventh Circuit Has Already Ruled Against the Defendant on His Reduction of Sentence Argument

On November 20, 2020, the Eleventh Circuit issued an opinion affirming the District Court's denial of Mr. Valme's motion for a reduction in sentence based on the same arguments that Mr. Valme presents here. (11th Cir. Op., ECF No. 1442.) As in his prior motion, Mr. Valme seeks a reduction in his sentence based on Amendment 782 to the Federal Sentencing Guidelines, which raised the amount of cocaine necessary to reach the guideline level at which Mr. Valme was sentenced. (Mot. at 7-9.) The defense argues that Mr. Valme did not receive a full and fair consideration of that prior motion because Mr. Valme made the motion pro se, and the Court denied that motion without "consideration of the full record." (Mot. at 5.)

This argument fails for two reasons. First, the District Court had access to the full record at the time it decided the original motion—indeed, the same judge (Judge Moreno) that presided over Mr. Valme's trial and sentencing decided the original, pro se motion. (Resp. at 3.) Second, the Eleventh Circuit's opinion makes clear that this Court has already fully and appropriately considered this argument. As the Eleventh Circuit observed, "[a]fter assuming that Valme had met his burden of showing that his base offense level should be reduced by two levels under Amendment 782, the district court accounted for the pertinent § 3553(a) sentencing factors." (11th. Cir. Op. at 4.) Based on the District Court's correct approach in addressing Mr. Valme's motion, the Eleventh Circuit affirmed. (*Id.*) Accordingly, the Court denies Mr. Valme's motion to reduce his sentence based on Amendment 782.

### B. Mr. Burgos-Martinez's Underlying Conduct Demonstrates That, if Released, He Would Present a Danger to the Community

The Court further finds that Mr. Valme does not meet his burden to prove he is eligible for compassionate release. Mr. Valme argues that he qualifies medically for compassionate release due to his "anemia, hypertension, and chronic kidney disease." (Mot. at 9.) While the Court does not find that Mr. Valme's medical conditions are quite as he makes out, it assumes that he would indeed medically qualify.

Nevertheless, Mr. Valme fails to meet his burden to prove that he would not be a danger to the community if released. Accordingly, the Court finds that the Defendant has also failed to carry his burden under the fourth factor of the Court's analysis. *See Hamilton*, 715 F.3d at 337.

Mr. Valme's underlying conduct—both in the completion of his underlying crimes and at trial—demonstrates that he would be a danger to the community.

Mr. Valme abused his position in law enforcement and the authority that came with his role to allow the trafficking of significant amounts of cocaine into the United States over an extended period of years. (Resp. at 1.) He has also clearly stated that, if released, he would be returned to Haiti—a country currently wracked by internal instability, weak and corrupt law enforcement, and extensive gang activity. (Mot. at 4; Resp. at 6.) Mr. Valme does nothing to address the concern that his prior role in organized criminal activities would likely result in new opportunities to commit similar crimes in a destabilized environment. (Resp. at 6.) Further, Mr. Valme was subject to a perjury adjustment in his sentencing due to his false testimony at trial. (*Id.* at 2.) Finally, this Court has previously found that Mr. Valme "has not been rehabilitated even after more than two decades in prison." (Am. Order on Remand at 2, ECF No. 1409 (Moreno, J.).) And, the Court observed, "[t]he public needs to be protected from the high level of corruption involving foreign Government officials like Valme and his co-conspirators." (*Id.*)

Nothing this Court found in its prior order has changed today. Accordingly, Mr. Valme fails to carry his burden to prove he would not be a danger to the community if released. *Hamilton*, 715 F.3d at 337. The Court therefore denies his motion for compassionate release.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ORDERED and ADJUDGED** that the Defendant's motion for a reduction of sentence and for compassionate release is **DENIED**. (**ECF No. 1463**.)

**Done and ordered** in Miami, Florida, on April 5, 2023.

Robert N. Scola, Jr.
United States District Judge