United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| v. | ) Criminal Case No. 97-06007-CR-Scola |
| Marc Valme, Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Marc Valme's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 1491.) The Government has responded (Resp., ECF No. 1497), and the Defendant filed a corrected reply (Rep., ECF No. 1500). After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 1491**.)

1. **Background**

Valme was the Security Director of Port Au Prince Airport in Haiti, and from 1991 to 1997, he used his position to smuggle at least 350 kilograms of cocaine into the United States. (Resp. at 2.) In 1998, a jury found Valme guilty of conspiracy to import cocaine and heroin into the United States in violation of 21 U.S.C. § 952(a), and of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). (*Id.* (citing ECF No. 869.)) At sentencing, Valme's base offense level was 38 because the offense involved 150 kilograms or more of cocaine. (*Id.*) The court also applied sentencing enhancements for abusing public trust and obstruction of justice, bringing the total offense level to 42. (ECF No. 985 at 32.) Thus, the applicable Sentencing Guidelines range was 360 months to life in prison. (*Id.*) The court imposed a sentence of life in prison. (ECF 918 at 2.)

Since Valme's sentencing, the United States Sentencing Commission has issued an adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." In June 2024, Valme filed the instant motion, seeking retroactive application of Amendment 821 to the Court's judgment sentencing him to life in prison. Valme is currently 70 years old, has served approximately 328 months in

prison, and has no disciplinary infractions. (Resp. at 6.) Valme is also a citizen of Haiti and would be subject to removal proceedings following release. (*Id.*)

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.

Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Valme is eligible for relief because he is a zero-point offender, a two-point reduction in offense level would lower his existing Sentencing Guidelines range (from 360 months-life in prison to 292-365 months), and a reduction would be consistent with the applicable policy statements. However, based on the section 3553(a) factors, the Court declines to exercise its discretion to reduce Valme's sentence and therefore denies the motion.

Valme argues that, since the Court's previous order, which held that Valme was a danger to the community, there have been two significant changes to the section 3553 analysis. First, Valme argues that the section 3553(a) factor that requires the Court to consider the different kinds of sentences available has changed because Mr. Valme is now "clear[ly] entitle[d] to relief under the zero-point offender amendment." (Mot. at 8 (citing ECF No. 1474 at 2).) However, Mr. Valme is seeking a sentence at the top of the new Sentencing Guidelines range, which is 365 months. 365 months is not a newly available sentence—rather, the original sentencing court considered a sentence of 365 months because it also fell within the Sentencing Guidelines range at that time. This factor therefore does not affect the Court's analysis.

Valme next argues that he is too old to be a danger to the community. However, if Valme were released, he would be removed to Haiti, a country experiencing social, economic, and political instability. Regardless of his age, unfortunately Valme's specialized knowledge in trafficking large volumes of controlled substances and his connections to organized criminal groups still pose a threat, in particular in the context of Haiti's internal struggles.

The Court also finds that the first two § 3553(a) factors (the nature and circumstances of the offense, history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense) in particular weigh against granting Valme's motion. A jury found that Valme took part in a sophisticated conspiracy to smuggle thousands of kilograms of cocaine into the United States. Valme personally supervised and controlled armed military officers and directed them to allow drug couriers to smuggle the drugs. (Resp. at 11.) Valme used his position as Director of Airport Security and abused the trust of those who named him a law enforcement officer to flood the United States with hundreds of kilograms of cocaine. Additionally, although he may not have any prior convictions, Valme has yet to take any responsibility or show any remorse for his crimes. The seriousness of such a large-scale and organized crime weighs heavily against sentence reduction, and a life sentence reflects the need to protect the public from such high levels of corruption involving foreign government officials like Valme and his co-

conspirators. The Court therefore declines to exercise its discretion to grant Valme's motion.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that the Defendant's motion for reduction of sentence is **denied**. (**ECF No. 1491**.)

**Done and ordered** in Miami, Florida, on July 26, 2024.

_____
Robert N. Scola, Jr.
United States District Judge